UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| JAMES MENEAR, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br> vs.<br><br>UNITED COLLECTION BUREAU, INC., and CITIBANK, N.A.<br><br>    Defendants. | Case No.: 16-cv-689<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA") and Wisconsin Consumer Act, Ch. 421-427, Wis. Stats. ("WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. The court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Venue in this District is proper in that Defendants directed their collection efforts into the District.

## PARTIES

3. Plaintiff James Menear is an individual who resides in the Eastern District of Wisconsin (Waukesha County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendants sought to collect from Plaintiff a debt allegedly incurred for personal, family or household purposes, namely a personal credit card account.

5.	Defendant United Collection Bureau, Inc., ("UCB") is a foreign corporation with its principal place of business located at 5620 Southwyck Blvd., Toledo, Ohio 43614.

6.	UCB does substantial business in Wisconsin.

7.	UCB is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8.	UCB is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. UCB is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat § 427.103(3).

9.	Defendant Citibank, N.A. (hereinafter "Citibank") is a national banking association, with its headquarters at 701 East 60th Street North Sioux Falls, SD 57104.

10.	Citibank does substantial business in Wisconsin.

11.	Citibank issues and services "Citi" brand credit cards around the world, including in Wisconsin.

12.	When directly or indirectly attempting to collect debts in Wisconsin, Citibank is a debt collector as defined in Wis. Stat § 427.103(3).

## FACTS

13.	On or about March 5, 2016, Citibank mailed a debt collection letter to Plaintiff regarding an alleged debt owed to Citibank. A copy of this letter is attached to this complaint as Exhibit A.

14.	The alleged debt at issue was a "Home Depot" branded credit card, issued by Citibank.

15.	Plaintiff opened and used the Citibank account for the purpose of purchasing personal, household and family goods and services and not for any business purpose.

2

16. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

17. Exhibit A states:

**Without a sufficient payment(s), your account will be referred to a collection agency at your next billing date.**

18. On or about April 5, 2016, Citibank mailed Plaintiff an account statement. A copy of this statement is attached as Exhibit B.

19. Exhibit B states that Plaintiff's "minimum payment" is $200.00.

20. On or about April 12, 2016, UCB mailed a debt collection letter to Plaintiff regarding the same alleged debt owed to Citibank, referred to in Exhibits A and B. A copy of this letter is attached to this complaint as Exhibit C.

21. Exhibit C was the first letter that UCB sent to Plaintiff with respect to Plaintiff's alleged Citibank debt.

22. Upon information and belief, Exhibit C is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

23. UCB's letter (Exhibit C) reflects that the Citibank debt has been accelerated ("Current Account Balance: $647.51").

24. Despite Citibank's and UCB's representations that the debt had been accelerated (Exhibit C), on or around May 5, 2016, Citibank sent Plaintiff an account statement for the same account, demanding a minimum payment of $249.00. A copy of this statement is attached to this complaint as Exhibit D.

25. Citibank's and UCB's representations in Exhibit C that the debt had been accelerated were false and misleading, especially when the consumer is subsequently presented with Exhibit D.

3

26. UCB sent another letter to Plaintiff on or around May 17, 2016, stating that the "Current Account Balance" was $689.38.

27. The unsophisticated consumer cannot determine whether the debt had been accelerated or not, or how much debt is actually due. Exhibits C and E seek the entire amount of the debt, but Exhibit D seeks only the "Minimum Payment."

28. UCB and Citibank both represented the amount of the debt in a way that was confusing to the unsophisticated consumer and/or misrepresented the amount of the debt.

29. In reality, Citibank and UCB. Citibank and UCB are attempting to exploit consumers' fear of having to deal with debt collectors by falsely threatening to cut off communications with Citibank.

30. Upon information and belief, UCB and Citibank work in a scripted process to collect Citibank debts such as Plaintiff's.

31. Upon information and belief, UCB and Citibank are both fully aware of the contents and representations in Exhibits A-D.

32. Upon information and belief, UCB is fully aware that Citibank continues to send statements to consumers seeking a "minimum payment" and not representing that the entire balance is due.

33. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

34. 15 U.S.C. § 1692e(2)(a) specifically prohibits "The false representation of – the character, amount, or legal status of any debt."

35. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

4

36. 15 U.S.C. § 1692f generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

37. Wis. Stat. § 427.104(1)(j) states that a debt collector may not: "Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist."

38. Wis. Stat. § 427.104(1)(L) states that a debt collector may not: "Threaten action against the customer unless like action is taken in regular course or is intended with respect to the particular debt."

## COUNT I – FDCPA

39. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

40. This claim is brought against Defendant UCB.

41. Prior to sending Exhibit C, UCB was aware that Citibank continues to send account statements to consumers while UCB is also collecting the debts.

42. UCB represented to Plaintiff and class members that their Citibank accounts had been accelerated by seeking to collect the entire balance and not just the amount actually due.

43. At the time it sent Exhibit C to the class, UCB knew that Citibank would continue to send class members account statements representing that the class members' Citibank debts had not been accelerated.

44. UCB's attempts to collect the entire balance of class members' Citibank accounts were false, misleading and confusing representations, and were also an unfair and unconscionable means of collecting a debt.

45. UCB's conduct violates 15 U.S.C. §§ 1692e, 1692e(10) and 1692(f).

5

## COUNT II -- WCA

46. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint. This claim is brought against both defendants.

47. Unlike the FDCPA, the WCA's debt collection provisions apply to original creditors who are attempting to collect their own debts. Wis. Stat. § 427.103(3) ("'Debt collector' means any person engaging, directly or indirectly, in debt collection, and includes any person who sells, or offers to sell, forms represented to be a collection system, device or scheme, intended or calculated to be used to collect claims. The term does not include a printing company engaging in the printing and sale of forms.").

48. In Exhibit C, UCB represented to Plaintiff and class members that their Citibank accounts had been accelerated so that the entire balance was due.

49. In fact, when UCB sent Exhibit C, UCB knew that Citibank would continue to send class members account statements representing that the class members' Citibank debts had not been accelerated.

50. UCB's and Citibank's joint conduct violates the Wisconsin Consumer Act, Wis. Stat. §§ 427.104(1)(j) and 427.104(1)(L).

## CLASS ALLEGATIONS

51. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form of Exhibit C to the complaint in this action and (c) seeking the entire balance of a Citibank credit card debt, (d) and subsequently were sent a Citibank statement such as Exhibit D, (e) seeking a smaller, "minimum payment," (f) for an alleged debt incurred for personal, family or household purposes, (g) on or after October 31, 2013, (h) that were not returned by the postal service.

6

52. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

53. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether <u>Exhibit A</u> violates the FDCPA and/or the WCA.

54. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

55. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

56. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

57. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: June 8, 2016

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin

Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com